**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LAWRENCE GRAY, ON BEHALF OF Z.G.;<br>*Plaintiff*<br><br>v.<br><br>NORTHSIDE INDEPENDENT SCHOOL DISTRICT, NISD; OFFICER FNU PARSONS, BADGE #2066, NISD; AND OFFICER FNU VILLARREAL, BADGE #2066, NISD;<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. SA-25-CV-00443-XR |

**ORDER ADOPTING REPORT & RECOMMENDATION**

On this date, the Court considered United States Magistrate Judge Kelly G. Stephenson's Report and Recommendation in the above-numbered and styled case, filed July 30, 2026. ECF No. 33. After careful consideration, the Report and Recommendation is **ACCEPTED**. Defendants' Motion to Dismiss (ECF No. 28) is **GRANTED**, and this case is **DISMISSED**.

**BACKGROUND**[1]

Plaintiff Lawrence Gray brings this action on behalf of his minor son, Z.G., against Northside Independent School District ("NISD") and two of its police officers, Parsons and Villarreal.[2] ECF No. 27 ¶ 1. He sues NISD for alleged violations of Title VI of the Civil Rights Act of 1964, and he sues the officers under 42 U.S.C. Section 1983 for alleged violations of the Equal Protection Clause. *Id.*

---

[1] Except where otherwise indicated, these facts are derived from the Amended Complaint (ECF No. 27), taking "all well-pleaded facts as true and view[ing] those facts in the light most favorable to the plaintiff[]." *See Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021).

[2] The Amended Complaint does not indicate the officers' first names.

In October 2024, Z.G.—who is African American—was a student at Warren High School in NISD. ECF No. 27 ¶ 9–10. NISD receives federal funding. ECF No. 27 ¶ 10.

On the morning of October 2, 2024, one of Z.G.'s classmates—who is Hispanic and is not African American—said that Z.G. could have some of the classmate's juice at lunch. ECF No. 27 ¶ 11. During lunch, while the other student's back was turned, Z.G. picked up the other student's juice and drank from it. *Id.* The other student "violently slapped the juice bottle from Z.'s hands, causing the bottle to fly and juice to flow into Z.'s eyes and soil his clothing." *Id.* In response, Z.G. hit the other student several times, and the other student "fought back." ECF No. 27 ¶ 12. The fight continued until school officials separated the students.

Parsons and Villarreal arrested Z.G., who was subsequently detained, charged, and prosecuted for assault. ECF No. 27 ¶¶ 12, 14. Z.G. was also suspended from school for three days and temporarily placed in an alternative school, which had less and/or lower-quality opportunities than Warren High School. ECF No. 27 ¶¶ 15–16. Z.G. had no prior disciplinary history at NISD and had no prior criminal history. ECF No. 27 ¶ 13. The other student was not arrested, charged with any crime, or disciplined. ECF No. 27 ¶¶ 15, 22.

Plaintiff brought this case in April 2025, ECF No. 1, and filed the Amended Complaint in December 2025, ECF No. 27. Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Parsons and Villarreal are entitled to qualified immunity and that Plaintiff has failed to adequately plead intentional discrimination against Z.G. ECF No. 28.

The Amended Complaint acknowledges that there is video of the fight. ECF No. 27 ¶¶ 11, 14, 25. Defendants argue, among other things, that consideration of the video is proper at this stage and that the video demonstrates that Z.G. and the other student were not similarly situated.

Specifically, Defendants argue, Z.G. was more aggressive than the other student and the other student was primarily defending himself. *See* ECF No. 28 ¶ 11.

**THE REPORT & RECOMMENDATION**

The Court referred Defendants' Motion to Dismiss to Magistrate Judge Kelly G. Stephenson. Text Order dated April 16, 2026. Judge Stephenson has filed a report and recommendation ("R&R") recommending that Defendants' Motion be granted and the case be dismissed. ECF No. 33.

**I. Consideration of the Video**

Judge Stephenson first recommends that the Court consider the video of the fight. Courts can consider video at the 12(b)(6) stage if a defendant attaches the video to its motion and the video is both "referenced in the complaint and . . . central to the plaintiff's claims." *Kennedy v. City of Arlington, Tex.*, 165 F.4th 937, 942 (5th Cir. 2026). The R&R concludes that these conditions are met because the Amended Complaint refers to the video three times, "[t]he video and the fight it depicts are the central focus of Gray's Complaint," and Plaintiff did not directly object to consideration of the video. ECF No. 33 at 8–10. Further, Judge Stephenson finds that "the video provides a sufficiently complete picture of the fight . . . to be properly considered at this stage." ECF No. 33 at 9.

**II. The Video's Contents**

"[W]hen a video recording is included in the pleadings and blatantly contradicts the factual allegations in the complaint," the court "adopts the video's depiction of events, viewed in the light most favorable to the plaintiff." *Kennedy*, 165 F.4th at 944 (cleaned up). Judge Stephenson finds that, viewed in the light most favorable to Z.G., the video shows the following: When the other student turned his back to talk with classmates, Z.G. grabbed the other student's juice and hurriedly

drank from it. The other student turned around and slapped the bottle, spilling some of its contents on Z.G. Z.G. threw the bottle at the other student, climbed over the table, and punched the other student several times. The other student threw no punches, tried to hold Z.G. at arms-length, and tried to protect his face when Z.G. overpowered him. The other student fell to the floor, and Z.G. continued to strike him in the face until someone separated them. ECF No. 33 at 11–12.

### III. Section 1983 Claims against Parsons and Villarreal

Judge Stephenson recommends dismissing Plaintiff's Section 1983 claims for three reasons. First, to overcome the officers' qualified immunity, Plaintiff had to show that "the unlawfulness of" Parsons's and Villarreal's conduct was "clearly established" at the time the conduct occurred. *Kennedy*, 165 F.4th at 943; *Anderson v. Valdez*, 845 F.3d 580, 600 (5th Cir. 2016). Plaintiff made no argument on that issue. ECF No. 33 at 14–15; *see also* ECF No. 30.

Second, the R&R says that the video demonstrates that Z.G. was not similarly situated to the other student. As a result, Z.G. has not adequately alleged that he was treated differently from similarly situated individuals, as is required to state an equal protection claim under Section 1983. *See Stout v. Vincent*, 717 F. App'x 468, 471–72 (5th Cir. 2018) ("To state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff must allege and prove that [he] received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent."); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."). According to the R&R, the video shows that Z.G. "escalated the altercation" by "climbing over the table to reach the Hispanic student"; "repeatedly hit[ting]" the Hispanic student,

"who was retreating and defending himself"; and "forcefully and repeatedly striking the Hispanic student in the face while he was on the floor." ECF No. 33 at 17. In short, Z.G. used more force than the other student, and the other student threw no punches while Z.G. threw many. ECF No. 33 at 18.

Third, the R&R finds that, even disregarding the video, the Amended Complaint does not adequately allege that the two students were similarly situated. The Amended Complaint acknowledges that Z.G. hit the other student several times and alleges that Z.G. "overcame" the other student. ECF No. 33 at 18–19. But it only asserts that the *other* student "violently" slapped the juice from Z.G.'s hands and "fought back." *Id.* The R&R determines that these allegations independently bely Plaintiff's claim that Z.G. and the other student were similarly situated.

**IV. Title VI Claims Against NISD**

The R&R recommends dismissing Plaintiff's Title VI claims for similar reasons. To allege intentional discrimination under Title VI, Plaintiff relies on allegations that Z.G. was similarly situated to the other student. As outlined above, the R&R finds those allegations are insufficient, especially in light of the video of the fight. Z.G. has thus, according to the R&R, not alleged that he was treated differently than someone similarly situated to him. And any other allegations of discrimination in the Amended Complaint are conclusory. ECF No. 33 at 22–23.

## DISCUSSION

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was served on July 30, 2026. No objections have been filed.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation. Defendants' Motion to Dismiss (ECF No. 28) is **GRANTED**, and this case is **DISMISSED**. A final judgment pursuant to Rule 58 will follow.

It is so **ORDERED**.

**SIGNED** this 26th day of August, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE